**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**Case No. 4:90cr4007-WS/WCS**

**vs.**

**ERIC A. PARKER,**

**Defendant.**

**_____________________________/**

**REPORT AND RECOMMENDATION ON RULE 60(d) MOTION**

Defendant filed a "Motion to Demonstrate Actual Innocence of Sentence Pursuant to Rule 60(d), [Fed.R.Civ.P.], as an Independent Action in Equity, Relative to a Lack of Jurisdiction under U.S.C. [§] 851 and [Fed.R.Crim.P.] 7(c)(3) Where the Information Citation Was in Error That Was Misleading and Prejudice [sic] to Movant." Doc. 130 (hereafter Rule 60 motion). The motion is unsigned.

Defendant also filed a motion to amend the Rule 60 motion, asking the court to accept his sworn signature. Doc. 131. Attached to the motion are replacement pages 15 and 16 for doc. 130, bearing Defendant's signature. The motion is granted by separate order so the court may consider the Rule 60 motion as though properly signed.

Defendant Parker was convicted and sentenced to life in prison, and the judgment was affirmed over 16 years ago. United States v. Parker, 19 F.3d 638 (11th Cir. 1994), *cert. denied*, 513 U.S. 1110 (1995) (see doc. 129, p. 6, docket entries 103-105).[1] He filed a Rule 28 U.S.C. § 2255 motion, which was denied. Docs. 112 (report and recommendation) and 114 (order entered on the docket on February 12, 1998, adopting recommendation and denying § 2255 motion). The denial of his 28 U.S.C. § 2255 motion was affirmed in 1999. Doc. 126.

The Eleventh Circuit has twice denied authorization to file a second or successive § 2255 motion. Docs. 127 and 128.

Defendant contends that under Rule 60(d), this is "an independent action in equity concerning a non-waiverable claim of lack of jurisdiction to enhance his sentence" under § 851, that it was "fraud on the court" to enhance his sentence without jurisdiction, and that under Fed.R.Crim.P. 7(c)(3) (now 7(c)(2)),[2] "the information CITATION was in error and was misleading and prejudice [sic] to movant." Doc. 130, p.

---

[1] Given the age of the case, many documents (including the § 851 information) were docketed on paper. A copy of the paper docket was scanned into ECF (electronic case filing) as doc. 129. The earliest document docketed in ECF was doc. 106; the first document scanned and docketed into ECF was doc. 112, entered on the docket on January 21, 1998. References to docket entries preceding 106 are to the paper docket, doc. 129.

[2] Fed.R.Crim.P. 7(c)(3) was re-designated – without change – as 7(c)(2) in 2009, when former 7(c)(2) (regarding forfeiture) was repealed as obsolete. *See* Advisory Committee Notes to 2009 Amendments. Hereafter references are to 7(c)(2), which provides that "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." The rules also provide, however, that "a motion alleging a defect in the indictment or information" must be made before trial, except that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed.R.Crim.P. 12(b)(3)(B). This case, obviously, is no longer "pending" in any sense of the word.

1. He alleges that the Government's notice failed to cite § 851 at all, and referenced a Houston, Texas, conviction without providing a case number, and he was only aware of a misdemeanor conviction in Houston. *Id.*, pp. 4, 7, citing Ex. A. The referenced document is a copy of the information and notice of intent filed in this case on March 17, 1992, as doc. 37. Doc. 130, Ex. A. This was well before Defendant's trial in May and September of 1992. Docs. 53-54, 74-77.

Defendant alleges that the information failed to inform him he faced a mandatory life sentence, erroneously gave the date of his prior conviction as May of 1988, failed to make clear there were two convictions, and the Government failed to file an amendment to correct clerical mistakes. Doc. 130, pp. 8-11. Defendant claims the court erred in not advising him that any challenge to the prior conviction must be raised before sentencing. *Id.*, pp. 11-12. He notes he timely objected to the use of the prior conviction, and argued at sentencing that there were no indictment numbers, correct dates, or indication of two (rather than one) prior offenses. *Id.*, p. 12, referencing Exs. D and E. Exhibit D is an excerpt from the presentence report in this case, reflecting that defense counsel "maintains that the enhanced penalties of mandatory life do not apply in this case as [Government] counsel did not give notice of their intention to seek the enhanced penalties." *Id.*, Ex. D, p. 2. Exhibit E is an excerpt from (presumably) the sentencing transcript. Counsel argued that the information said Defendant was convicted in Houston and sentenced to five years, but "doesn't say five years on each offense, it doesn't say indictment number so and so and so and so he was convicted." *Id.*, Ex. E. He argued that the offenses were at different times and there was nothing to indicate two offenses:

> When I read it, I assumed it was one offense. I have no problem with that, I will stipulate to that, we did at the trial. But as far as notice, formal notice, unambiguous notice of two crimes – offenses that they are relying on to enhance Mr. Parker's sentence, I think that must be strictly scrutinized and I don't think it's complied with in this notice.

*Id.*

As evident from the published opinion on direct appeal, noted *supra*, Defendant did not challenge the § 851 enhancement on direct appeal. A review of the initial appellate brief, available on Westlaw, confirms that the enhancement was not challenged. *See* 1993 WL 13138411 (appellate brief).[3] Defendant apparently did not raise the § 851 enhancement issue in his § 2255 motion, instead challenging the admission of extrinsic act evidence under Fed.R.Evid. 404(b). *See* doc. 112 (discussing the claims).[4] Defendant asserts that the current motion is not a second or successive § 2255 motion, as Rule 60(d) allows the court to address jurisdictional defects and the Rule 7(c) error at any time, and jurisdictional defects cannot be waived or defaulted. Doc. 130, p. 14.

Section 2255 provides:

---

[3] In the discussion of "extrinsic offense evidence," the brief discussed the "First" and "Second" "Houston incident[s]," a "South Carolina incident," and a "Memphis incident." Though the appellate brief referred to the first Houston incident as a misdemeanor offense, the Government's brief noted as to "Houston I" that "[t]he cocaine possession was a felony, not a misdemeanor as Parker asserts in his brief. That Parker was arrested on a misdemeanor marijuana charge and a felony cocaine charge is borne out by the presentence report and the discussion about this very issue at the sentencing hearing." 1993 WL 13138410 at *9 (citation to the record on appeal omitted).

[4] The admission of extrinsic acts evidence was challenged on direct appeal (footnote 3, *supra*), so would not normally be reconsidered by § 2255 motion; however Defendant claimed an intervening change in law based on Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), decided four years after his conviction. Doc. 112, pp. 3-4 and n. 3.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, *or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law*, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(a) (formerly § 2255 ¶ 1)[5] (emphasis added).

Jurisdiction is therefore specifically noted as a ground for § 2255 relief, and claims that the court lacked jurisdiction are not excluded from the restrictions governing successive motions. *Compare* § 2255(a) and (h). A second or successive motion must either contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or present "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(1) and (h)(2).

The substance of Rule 60(d) was formerly part of Rule 60(b).[6] In holding that a defendant could not challenge criminal forfeiture orders under the Federal Rules of Civil Procedure, the Eleventh Circuit said:

---

[5] Section 2255 was amended in 2008 to assign letters to the subsections, previously referenced by paragraph number.

[6] Subsection (d) provides that the rule does not limit the court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding," to "grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action," or to "set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)(1)-(3) (2010). Until its amendment in 2007 (effective December 1, 2007), Rule 60 had only subsections (a) and (b). The changes were stylistic (*see* Advisory Committee Notes to 2007 Amendments), and the language now set forth in subsections (c), (d), and (e) was formerly contained within 60(b). *Compare* Fed.R.Civ.P. 60 (2006).

> Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature. . . ." The judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in the defendant's criminal appeal of his conviction and sentence. *Rule 60(b) simply does not provide for relief from judgment in a criminal case* . . . .

United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (emphasis added); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (in Mosavi it was said "that the Federal Rules of Civil Procedure 'unambiguously' limited their application to *civil* cases," emphasis in original; also quoting the language of Mosavi emphasized in the passage above).

A purported Rule 60 motion containing one or more "claims" for relief from the judgment of conviction and sentence, whether a change in substantive law governing the claim, a new ground for relief, or challenging the prior resolution on the merits, is in substance a successive petition and should be treated accordingly. Gonzalez v. Crosby, 545 U.S. 524, 530-532, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005) (applying this rationale in the context of a Rule 60(b) motion seeking relief from a 28 U.S.C. § 2254 judgment) (citations omitted), *affirming* Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253 (11th Cir. 2004).[7]

---

[7] The Eleventh Circuit opinion addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo), and noted no material difference between § § 2254 and 2255 for purposes of Rule 60. 366 F.3d at 1262. Certiorari was only granted as to Gonzalez; the Supreme Court expressly limited its opinion to the application of Rule 60 in habeas proceedings under § 2254. 545 U.S. at 529, n. 3, 125 S.Ct. at 2646, n. 3. The Supreme Court found error in the Eleventh Circuit's treatment of a Rule 60 motion, which did not raise such "claims" but challenged an earlier denial of § 2254 relief as untimely, as the equivalent of a second or successive § 2254 petition. 545 U.S. at 535-536, 125 S.Ct. at 2650. Denial of the Rule 60 motion was nonetheless affirmed, as the petitioner failed to show "extraordinary circumstances." *Id.*, at 536-538, 125 S.Ct. at 2650-51.

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citations omitted, emphasis in original); United States v. Lloyd, 398 F.3d 978, 979-980 (7th Cir. 2005) (quoting Melton).[8]

Defendant raises claims for relief which should be subject to the restrictions on the filing of successive motions. He challenges the enhancement of his sentence, a ground apparently known to him since at least the time of sentencing, when counsel made the objection. He raises no true Rule 60 challenge to the denial of his first § 2255 motion.

As this is essentially a second or successive § 2255 motion, Defendant must obtain authorization from the Eleventh Circuit before filing it in this court. § 2255(h) (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from

[8] A document may not so readily be recharacterized as a *first* § 2255 motion. Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (holding that if a district court recharacterizes a motion not designated as a § 2255 to be a first § 2255 motion, and fails to give notice and an opportunity to amend or withdraw, it does not count as a first § 2255 for purposes of successive filing restrictions). But even after Castro, after the first § 2255 motion is denied, "all later collateral attacks must be seen for what they are." Lloyd, 398 F.3d at 980. "The *Castro* decision does not extend beyond initial filings, and nothing the Supreme Court said or did in that case implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not." Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004).

the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8 [now § 2255(h)].").

The court must issue or deny a certificate of appealability when entering a final order adverse to a § 2255 movant. § 2255 Rule 11(a); *see also* Jackson v. Crosby, 437 F.3d 1290, 1294-95 (11th Cir. 2006) ("It is still the law of this circuit that 'a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.") (*quoting* Gonzalez, 366 F.3d at 1263) (other citations omitted). If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

I find no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). I therefore recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If Defendant files an objection to this recommendation, he should include any argument he wishes to make regarding the issuance of a certificate of appealability.

Time to appeal is governed by Fed.R.App.P. 4(a), and "[a] timely notice of appeal must be filed even if the district court issues a certificate of appealability." § 2255 Rule 11(b).

It is therefore respectfully **RECOMMENDED** that Defendant's Fed.R.Civ.P. 60(d) motion, doc. 130, be **SUMMARILY DISMISSED** as an unauthorized second or

successive § 2255 motion, and that a certificate of appealability be **DENIED** in the final order of dismissal.

**IN CHAMBERS** at Tallahassee, Florida, on November 24, 2010.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**